

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,901-01

### EX PARTE ADOLPH JUNIOR MENJIVAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W13-57185-U(A) IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Menjivar v. State*, No. 05-14-01028-CR (Tex. App. — Dallas, Nov. 4, 2015) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because trial counsel failed to investigate, failed to interview witnesses, failed to prepare a trial strategy, and failed to adequately consult with Applicant. Applicant alleges that trial counsel should have investigated Applicant's history of mental health issues and drug use to support the defensive theories of self-defense and possibly raise doubts about Applicant's intent at the time of the offense. Applicant also alleges that trial counsel should have moved to suppress his statements to police on the basis that Applicant was interviewed in the hospital while he was under the influence of medications following surgery.

On November 30, 2016, the trial court entered a timely order designating the issue of whether Applicant received ineffective assistance of trial counsel for resolution. The order appointed a writ master and ordered Applicant's trial counsel to submit an affidavit responding to Applicant's allegations. The Dallas County District Clerk properly forwarded the habeas record to this Court after 180 days had passed from the date the State received service of the application. However, the record does not contain an affidavit from trial counsel or findings of fact and conclusions of law from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 26, 2017
Do not publish